IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| AMERICAN BEVERAGE ASSOCIATION; CONSUMER BRANDS ASSOCIATION; NATIONAL CONFECTIONERS ASSOCIATION; FMI, THE FOOD INDUSTRY ASSOCIATION,<br><br>Plaintiffs,<br><br>KEN PAXTON, in his official capacity as ATTORNEY GENERAL OF THE STATE OF TEXAS,<br><br>Defendant. | Case No. 6:25-cv-00566-ADA-DTG<br><br>**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION (BRIEF INCORPORATED)** |

Pursuant to Rule 7(b) of the Federal Rules of Civil Procedure and Local Rule CV-7(b), the Goldwater Institute ("GI") hereby respectfully moves for leave to file a brief as amicus curiae in support of Plaintiffs' motion for preliminary injunction.

In summary, GI's legal and policy expertise with regard to freedom of speech, particularly in the context of business-related speech, enables it to contribute to this Court's consideration of the motion. Counsel for all parties have indicated that they do not oppose this motion, and granting it would not prejudice any party. The accompanying brief complies with all applicable rules.

I.      **Identity and Interest of Amicus Curiae**

GI was founded in 1988 as a nonpartisan public policy and research foundation dedicated to advancing the principles of limited government and individual rights through research papers, editorials, policy briefings and forums. Through its Scharf–Norton Center for Constitutional Litigation, the Institute

1

represents clients and participates as amicus curiae in cases involving constitutional liberty.

Among GI's institutional focuses is the issue of freedom of speech, especially with respect to speech by businesses. GI has litigated cases in defense of the constitutional speech rights of businesses, *see, e.g., Coleman v. City of Mesa*, 284 P.3d 863 (Ariz. 2012); *Korwin v. Cotton*, 323 P.3d 1200 (Ariz. Ct. App. 2014), and has also appeared as amicus curiae in state and federal courts in cases involving this issue. *See, e.g., Contest Promotions, LLC v. City & Cnty. of San Francisco,* 584 U.S. 1001 (2018); *Thomas v. Bright*, 937 F.3d 721 (6th Cir. 2019); *Leibundguth Storage & Van Serv., Inc. v. Vill. of Downers Grove, Illinois*, 939 F.3d 859 (7th Cir. 2019). GI has also appeared as an amicus in this Court before. *See McDonald v. Longley*, No. 1:19-cv-219-LY, 2019 WL 7670017 (W.D. May 14, 2019).

In addition, GI scholars have published important scholarship on the constitutionality of government restrictions (or mandates) on the speech of businesses. *See, e.g.,* Timothy Sandefur, *The Permission Society* (2016); Jared Blanchard & Adi Dynar, *Heed Reed: Goldwater Institute's Guideposts for Amending City Sign Codes*, Goldwater Institute (2016).[1]

GI believes its significant litigation and public policy experience will aid this Court in consideration of the merits of this case.

---

[1] https://www.goldwaterinstitute.org/wp-content/uploads/2016/04/Heed-Reed-downloadable-PDF.pdf.

## II. Granting the motion to appear as amicus curiae would prejudice no party and would assist this Court's consideration of the motion.

This motion is made well in advance of the hearing and of the close of briefing on this motion, so Defendant will have sufficient time to answer any points raised in the amicus brief. Counsel for amicus curiae contacted counsel for Plaintiffs and Defendant regarding this motion and both indicated that they do not oppose it.

An amicus curiae provides a helpful service in "advis[ing] a court upon questions of law or practice arising in a proceeding." *Flinn v. Krotz*, 293 S.W. 625, 626 (Tex. Civ. App.—San Antonio 1927), and when the amicus "has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide," the court should grant leave for an amicus to appear. *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy,* 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999).

The proposed amicus brief addresses only one of the issues raised in the Plaintiff's motion: the applicability of *Zauderer v. Office of Disciplinary Counsel of Supreme Court of Ohio*, 471 U.S. 626 (1985). It explains why Section 9 falls outside the compulsory disclosures that are allowed under *Zauderer* because, far from being a dispassionate effort to fully inform consumers, the mandatory disclosure at issue is intended to appeal to consumer fear and thereby control their behavior—and, indirectly, the behavior of beverage makers. The brief also addresses the broader fact that full disclosure of information is not always a good thing, and in fact can be exploited as a tool of manipulation, which is, again, beyond what *Zauderer* permits.

## PRAYER

The motion for leave to file should be *granted*.

Respectfully submitted on December 16, 2025.

/s/Warren V. Norred
Warren V. Norred
State Bar of Texas No. 24045094
**NORRED LAW, PLLC**
515 E. Border St.
Arlington, Texas  76010
(817) 704-3984
wnorred@norredlaw.com
*Attorney for Amicus Curiae*
*Goldwater Institute*

CERTIFICATE OF CONFERENCE - I certify that on December 15, 2025, counsel of record for Defendant stated in writing that the State of Texas does not oppose this motion.

s/Warren V. Norred/

CERTIFICATE OF SERVICE - I hereby certify that on December 16, 2025, an electronic copy of the foregoing motion was filed with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record by email, including:

   Zachary Berg at zachary.berg@oag.texas.gov, and
   Steven Loomis at steven.loomis@oag.texas.gov,
   for Defendant Ken Paxton;

   Allyson Newton Ho at aho@gibsondunn.com,
   Prerak Shah at pshah@gibsondunn.com, and
   Benjamin D. Wilson at bwilson@gibsondunn.com,
   for Plaintiffs American Beverage Asso., Consumer Brands Asso., Food Marketplace, Inc., and National Confectioners Asso.

s/Warren V. Norred/