UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| AMERICAN BEVERAGE ASSOCIATION, § <br> CONSUMER BRANDS ASSOCIATION, § <br> NATIONAL CONFECTIONERS § <br> ASSOCIATION, FOOD MARKETPLACE, § <br> INC. § | | NO:  WA:25-CV-00566-ADA-DTG |

vs.

KEN PAXTON, GOLDWATER INSTITUTE,
THE CHAMBER OF COMMERCE OF THE
UNITED STATES OF AMERICA,
WASHINGTON LEGAL FOUNDATION

### ORDER SETTING INITIAL PRETRIAL CONFERENCE HELD IN PERSON

**IT IS HEREBY ORDERED** that the above entitled and numbered case is set for an INITIAL PRETRIAL CONFERENCE HELD IN PERSON, in U.S. District Court, Courtroom No. 2, Third Floor, 800 Franklin Avenue, Waco, Texas, on Wednesday, February 25, 2026 at 02:00 PM (30 min time block) before the Honorable Derek T. Gilliland.

**IT IS FURTHER ORDERED** that the parties confer in the manner required by Rule 26 of the Federal Rules of Civil Procedure; further, pursuant to Local Rule CV-16 the parties should file their Rule 26 Report on the docket in a form that substantially conforms with Appendix N of the Local Rules and that answers the following questions no later than seven (7) business days before the hearing:

1. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction, do the parties agree that the amount of controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.
2. Are there any unserved parties? if more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?
3. What are the causes of action, defenses, and counterclaims pled?
4. Are there any agreements or stipulations that can be made about any facts in this case

      or any element in the cause(s) of action?
5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).
6. What, if any, discovery has been completed? What discovery remains to be done? Have the parties considered conducting discovery in phases?
7. What, if any, discovery disputes exist?
8. Have the parties discussed the desireability of filing a proposed order pursuant to Federal Rule of Evidence 502?
9. Have the parties discussed mediation?
10. Are there any pending motions, and if so, does either party desire a hearing?

The parties are **FURTHER ORDERED** to file a proposed scheduling order on the docket in the format included under the undersigned standing order at least seven (7) business days before the hearing and jointly email a Word version of the proposed schedules to chambers at TXWDml_NoJudge_Chambers_WA_JudgeGilliland@txwd.uscourts.gov.

During their conference, the parties should also address whether a protective order is required, and whether the protective order in Appendix H-1 (to govern standard cases) or Appendix H-2 (to govern complex cases) of this Court's Local Rules is appropriate. The Court will address the substance of the parties' joint report and discovery plan at the Initial Pretrial Conference.

After review of the Rule 26 Report and the Proposed Scheduling Order filed by the parties, the Court may enter the Scheduling Order and cancel the Initial Pretrial Conference. The Court will notify the parties of any cancellation.

**IT IS SO ORDERED.**

SIGNED this 7th day of January, 2026.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE